UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

MICHAEL J. PACHOLSKI,

                            Plaintiff,

v.
                                                     Case # 17-CV-207-FPG

                                                        DECISION AND ORDER

NANCY A. BERRYHILL, ACTING
COMMISSIONER OF SOCIAL SECURITY,

                            Defendant.
_____

## INTRODUCTION

Michael J. Pacholski brings this action pursuant to the Social Security Act seeking review of the final decision of the Acting Commissioner of Social Security that denied his application for disability insurance benefits ("DIB") under Title II of the Act. ECF No. 1. The Court has jurisdiction over this action under 42 U.S.C. § 405(g).

Both parties moved for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c). ECF Nos. 12, 15. For the reasons that follow, Plaintiff's motion is GRANTED, the Commissioner's motion is DENIED, and this matter is REMANDED to the Commissioner for further administrative proceedings.

## BACKGROUND

On June 25, 2013, Pacholski protectively applied for DIB with the Social Security Administration ("the SSA"). Tr.[1] 136-38. He alleged disability since January 18, 2013 due to a cervical impairment. Tr. 162. On June 8, 2015, Pacholski and a vocational expert ("VE") appeared and testified at a hearing before Administrative Law Judge William M. Weir ("the ALJ"). Tr. 30-

---

[1] References to "Tr." are to the administrative record in this matter.

65. On September 24, 2015, the ALJ issued a decision finding that Pacholski was not disabled within the meaning of the Act. Tr. 20-26. On January 17, 2017, the Appeals Council denied Pacholski's request for review. Tr. 1-7. Thereafter, Pacholski commenced this action seeking review of the Commissioner's final decision. ECF No. 1.

## LEGAL STANDARD

### I. District Court Review

"In reviewing a final decision of the SSA, this Court is limited to determining whether the SSA's conclusions were supported by substantial evidence in the record and were based on a correct legal standard." *Talavera v. Astrue*, 697 F.3d 145, 151 (2d Cir. 2012) (quotation marks omitted); *see also* 42 U.S.C. § 405(g). The Act holds that a decision by the Commissioner is "conclusive" if it is supported by substantial evidence. 42 U.S.C. § 405(g). "Substantial evidence means more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Moran v. Astrue*, 569 F.3d 108, 112 (2d Cir. 2009) (quotation marks omitted). It is not the Court's function to "determine *de novo* whether [the claimant] is disabled." *Schaal v. Apfel*, 134 F.3d 496, 501 (2d Cir. 1998) (quotation marks omitted); *see also Wagner v. Sec'y of Health & Human Servs.*, 906 F.2d 856, 860 (2d Cir. 1990) (holding that review of the Secretary's decision is not *de novo* and that the Secretary's findings are conclusive if supported by substantial evidence).

### II. Disability Determination

An ALJ must follow a five-step sequential evaluation to determine whether a claimant is disabled within the meaning of the Act. *See Parker v. City of New York*, 476 U.S. 467, 470-71 (1986). At step one, the ALJ must determine whether the claimant is engaged in substantial gainful work activity. *See* 20 C.F.R. § 404.1520(b). If so, the claimant is not disabled. If not, the ALJ

proceeds to step two and determines whether the claimant has an impairment, or combination of impairments, that is "severe" within the meaning of the Act, meaning that it imposes significant restrictions on the claimant's ability to perform basic work activities. 20 C.F.R. § 404.1520(c). If the claimant does not have a severe impairment or combination of impairments, the analysis concludes with a finding of "not disabled." If the claimant does, the ALJ continues to step three.

At step three, the ALJ examines whether a claimant's impairment meets or medically equals the criteria of a listed impairment in Appendix 1 of Subpart P of Regulation No. 4 (the "Listings"). 20 C.F.R. § 404.1520(d). If the impairment meets or medically equals the criteria of a Listing and meets the durational requirement (20 C.F.R. § 404.1509), the claimant is disabled. If not, the ALJ determines the claimant's residual functional capacity ("RFC"), which is the ability to perform physical or mental work activities on a sustained basis, notwithstanding limitations for the collective impairments. *See* 20 C.F.R. § 404.1520(e)-(f).

The ALJ then proceeds to step four and determines whether the claimant's RFC permits him or her to perform the requirements of his or her past relevant work. 20 C.F.R. § 404.1520(f). If the claimant can perform such requirements, then he or she is not disabled. *Id.* If he or she cannot, the analysis proceeds to the fifth and final step, wherein the burden shifts to the Commissioner to show that the claimant is not disabled. 20 C.F.R. § 404.1520(g). To do so, the Commissioner must present evidence to demonstrate that the claimant "retains a residual functional capacity to perform alternative substantial gainful work which exists in the national economy" in light of his or her age, education, and work experience. *See Rosa v. Callahan*, 168 F.3d 72, 77 (2d Cir. 1999) (quotation marks omitted); *see also* 20 C.F.R. § 404.1560(c).

## DISCUSSION

### I. The ALJ's Decision

The ALJ's decision analyzed Pacholski's claim for benefits under the process described above. At step one, the ALJ found that Pacholski had not engaged in substantial gainful activity since the alleged onset date. Tr. 22. At step two, the ALJ found that Pacholski has degenerative disc disease of the cervical spine, which constitutes a severe impairment. *Id.* At step three, the ALJ found that this impairment did not meet or medically equal any Listings impairment. Tr. 22-23.

Next, the ALJ determined that Pacholski retains the RFC to perform the full range of medium work.[2] Tr. 23-25. At step four, the ALJ relied on the VE's testimony and found that Pacholski can perform his past relevant work as a carpenter. Tr. 25-26. Accordingly, the ALJ concluded that Pacholski was not "disabled" under the Act. Tr. 26.

### II. Analysis

Pacholski argues that remand is required because the ALJ erred at step two by finding that his myofascial pain syndrome and headaches constituted nonsevere impairments and by ignoring those impairments when he made the RFC determination.[3] ECF No. 12-1 at 15-17; ECF No. 16 at 1-6. The Court agrees.

At step two of the disability analysis, the ALJ considers the medical severity of the claimant's impairments. 20 C.F.R. § 404.1520(a)(4)(ii). A "severe impairment" is "any impairment or combination of impairments which significantly limits [the claimant's] physical or

---

[2] "Medium work involves lifting no more than 50 pounds at a time with frequent lifting or carrying of objects weighing up to 25 pounds. If someone can do medium work, [the SSA] determine[s] that he or she can also do sedentary and light work." 20 C.F.R. § 404.1567(c).

[3] Pacholski advances other arguments that he believes require reversal of the Commissioner's decision. ECF No. 12-1 at 18-26; ECF No. 16 at 6-10. The Court need not reach those arguments, however, because it disposes of this matter based on the ALJ's failure to consider Pacholski's nonsevere impairments in the RFC analysis.

4

mental ability to do basic work activities." *Id.* at §§ 404.1520(c), 404.1521. "Basic work activities" are "the abilities and aptitudes necessary to do most jobs." *Id.* at § 404.1521(b). It is the claimant's burden to present evidence that establishes the severity of his impairment. *Id.* at § 404.1512(c). The claimant must demonstrate "that the impairment has caused functional limitations that precluded him from engaging in any substantial gainful activity for one year or more." *Perez v. Astrue*, 907 F. Supp. 2d 266, 272 (N.D.N.Y. 2012) (citing *Meadors v. Astrue*, 370 F. App'x 179, 182 (2d Cir. 2010) and *Rivera v. Harris*, 623 F.2d 212, 215 (2d Cir. 1980)). A finding of "nonsevere" should be made if the medical evidence establishes only a slight abnormality that would have no more than a minimal effect on an individual's ability to work. *Id.* at 271; *see also* S.S.R. 85-28, 1985 WL 56858, at *3 (S.S.A. Jan. 1, 1985).

"An error at step two—either a failure to make a severity determination regarding an impairment, or an erroneous determination that an impairment is not severe—can be harmless error if the ALJ continues the analysis and considers all impairments in [his] RFC determination." *Sech v. Comm'r of Soc. Sec.*, No. 7:13-CV-1356 GLS, 2015 WL 1447125, at *3 (N.D.N.Y. Mar. 30, 2015); *see* 20 C.F.R. § 404.1545(a)(2) ("We will consider all of your medically determinable impairments of which we are aware, including your medically determinable impairments that are not 'severe' . . . when we assess your [RFC]."). Remand is required if the ALJ fails to account for the claimant's nonsevere impairments when determining his RFC. *See Parker-Grose v. Astrue*, 462 F. App'x 16, 18 (2d Cir. 2012) (summary order) ("[A]fter finding that [the claimant]'s mental impairment of depression does not cause more than minimal limitation in her ability to perform basic mental work activities and is therefore nonsevere, . . . the ALJ determined [the claimant]'s RFC without accounting for any of the limitations arising from her mental impairment[.] Thus, the ALJ committed legal error."); *Schmidt v. Colvin*, No. 15-CV-2692 (MKB), 2016 WL 4435218,

at *13 (E.D.N.Y. Aug. 19, 2016) ("Where an ALJ fails to account for any functional limitations associated with the [non-severe] impairments in determining the claimant's RFC, a court must remand for further administrative proceedings.") (quotation marks and citations omitted).

Here, the ALJ found at step two that Pacholski's myofascial pain syndrome and headaches were nonsevere impairments. Tr. 22. He noted that "[a]lthough [Pacholski] alleges that these impairments prevent him from performing basic work activities, [his] treatment records do not support the assertion that these impairments cause a more than slight limitation in basic work activities." *Id.* The ALJ found that Pacholski's "minimal treatment appears to be only related to his cervical spine impairment." *Id.*

Regardless of whether the ALJ properly classified these impairments as nonsevere, remand is required because he did not consider them when assessing Pacholski's RFC. Tr. 23-25; *see Parker-Grose*, 462 F. App'x at 18 (holding that even if substantial evidence supported the ALJ's decision that the plaintiff's mental impairment was nonsevere, "it would still be necessary to remand this case for further consideration because the ALJ failed to account for [the plaintiff's] mental limitations when determining her RFC"). The ALJ's RFC analysis recognized Pacholski's allegation that he cannot work due to myofascial pain syndrome and headaches and cites a single treatment note wherein Pacholski "reported constant, stiff, and aching pain that causes intermittent headaches." Tr. 23-24. The ALJ does not otherwise discuss these impairments and the RFC determination lacks any related limitations. Tr. 23-25.

Accordingly, because the ALJ did not consider whether Pacholski's nonsevere impairments imposed functional limitations when he made the RFC determination, remand is required. *See, e.g.*, *Schmidt*, 2016 WL 4435218, at *13 ("Because the ALJ failed to account for

6

the limitations imposed by Plaintiff's non-severe mental impairments, the Court remands for consideration of those limitations in determining Plaintiff's RFC.").

## CONCLUSION

Plaintiff's Motion for Judgment on the Pleadings (ECF No. 12) is GRANTED, the Commissioner's Motion for Judgment on the Pleadings (ECF No. 15) is DENIED, and this matter is REMANDED to the Commissioner for further administrative proceedings consistent with this opinion, pursuant to sentence four of 42 U.S.C. § 405(g). *See Curry v. Apfel,* 209 F.3d 117, 124 (2d Cir. 2000). The Clerk of Court is directed to enter judgment and close this case.

IT IS SO ORDERED.

Dated: August 14, 2018
      Rochester, New York

_____
HON. FRANK P. GERACI, JR.
Chief Judge
United States District Court